Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001068
20-MAY-2015
09:05 AM

NO. CAAP-11-0001068


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


PALISADE POINTE ESTATES, INC., a Georgia Corporation,
Plaintiff-Appellee, v. SYLVIA CABRAL, Appellant, ADRIENNE PUANANI
GONSALVES; et al., Defendants-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 97-0730(2))


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Appellant Sylvia Cabral (Cabral) appeals *pro se* from
the Order Denying Motion to Join Person as Party entered by the
Circuit Court for the Second Circuit (Circuit Court) on
January 10, 2012.[1] This case arises out of Plaintiff-Appellee
Palisade Pointe Estates, Inc.'s (Palisade) September 24, 1997
Complaint to Quiet Title.

Cabral argues that the Circuit Court erred because
(1) it denied her motion to join; (2) it discriminated against
her or permitted discrimination against her; (3) it did not grant
quiet title in her favor; (4) it committed judicial
transgressions; (5) it did not recognize or permitted attorney
negligence; and (6) it violated her due process rights.

After a careful review of the points raised by Cabral,
the arguments made by Cabral and Palisade, the applicable
authority, and the record, we resolve Cabral's points as follows
and affirm.

---

[1] The Honorable Shackley F. Rafetto presided.

A.   This Court has Jurisdiction to Hear Cabral's Appeal.

Initially, we note that Palisade contests the jurisdiction of this court to consider Cabral's appeal because the appeal was not timely filed pursuant to Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4(a)(1).

Although Final Judgment was filed on April 22, 2009, Cabral appealed from the January 10, 2012 post-judgment order completely resolving the post-judgment proceeding initiated by Cabral's October 3, 2011 Hawaiʻi Rules of Civil Procedure (HRCP) post-judgment "Motion to Join Person As Party," (Motion) which the Circuit Court treated as a motion to intervene pursuant to HRCP Rule 24(a)(2). After a circuit court enters an appealable judgment, "[a] post-judgment order is an appealable final order under [Hawaii Revised Statutes (HRS)] § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawaiʻi 153, 157, 80 P.3d 974, 978 (2003). See also Hoopai v. Civil Service Comm'n, 106 Hawaiʻi 205, 215, 103 P.3d 365, 375 (2004) ("An order denying an application for intervention under HRCP Rule 24 is a final appealable order under HRS § 641-1(a)."). Thus, the January 10, 2012 Order denying Cabral's Motion is an appealable final order.

Cabral's notice of appeal was timely. Although filed before the January 10, 2012 Order Denying Motion to Join Person As Party, Cabral's December 19, 2011 Notice of Appeal was filed after the Circuit Court's November 30, 2011 announcement of its decision to deny the Motion. HRAP Rule 4(a)(2). Palisade's argument is without merit.

B.   The Circuit Court Did Not Err When It Denied Cabral's Motion to Intervene.

Although styled as a request for joinder, Cabral's Motion[2] was more properly a motion to intervene under HRCP

_____

[2]    Cabral cited to HRCP Rule 28(a), "Persons Before Whom Depositions May be Taken . . . . (a) Within the United States[;]" HRCP Rule 31(b)
(continued...)

2

Rule 24. <u>W.H. Shipman, Ltd.</u>, 8 Haw. App. at 370, 802 P.2d at 1211.

> A motion to intervene
>
> is reviewed under the right/wrong standard. This court considers four factors in determining intervention as of right pursuant to HRCP Rule 24(a)(2): (1) "whether the application was timely"; (2) "whether the intervenor claimed an interest relating to the property or transaction which was the subject of the action"; (3) "whether the disposition of the action would, as a practical matter, impair or impede the intervenor's ability to protect that interest"; and (4) "whether the intervenor's interest was inadequately represented by the existing defendants."

<u>Hoopai</u>, 106 Hawai'i at 216, 103 P.3d at 376 (citing <u>Ing v. Acceptance Ins. Co.</u>, 76 Hawai'i 266, 271, 874 P.2d 1091, 1096 (1994)). "Failure to meet even one [factor] prevents intervention 'by right' under HRCP Rule 24(a)(2)." <u>Baehr v. Miike</u>, 80 Hawai'i 341, 345, 910 P.2d 112, 116 (1996).

Cabral fails to meet the first factor, that her Motion was timely. <u>Hoopai</u>, 106 Hawai'i at 216, 103 P.3d at 376.

> To determine whether the motion to intervene was timely, we must consider the totality of circumstances, but especially relevant is: (1) the lapse of time between when [applicants for intervention] should have sought intervention and when it actually did; and (2) the prejudice caused to the [parties] by the lapse of time.

<u>Ing</u>, 76 Hawai'i at 271, 874 P.2d at 1096. "[M]otions to intervene filed after judgment has been entered are viewed with disfavor; and the moving party has a heavy burden to show facts or circumstances that justify intervention at that late date." <u>Chierighino v. Bowers</u>, 2 Haw. App. 291, 294, 631 P.2d 183, 186 (1981) (denying a motion to intervene because it was filed more than two years after judgment and "there [were] no circumstances justifying any delay at all").

Upon the totality of the circumstances present here, Cabral's attempt to intervene was untimely. Palisade filed its

---

[2](...continued)
"Depositions Upon Written Questions . . . . (b) Officer to Take Responses and Prepare Record[;]" and HRCP Rule 19(a), "Joinder of Persons Needed for Just Adjudication." Although this last rule does concern joinder, "[i]ntervention under HRCP Rule 24(a), [] not joinder under [this rule,] is the appropriate procedure to be used by a nonparty to enter a case." <u>W.H. Shipman, Ltd. v. Hawaiian Holiday Macadamia Nut Co.</u>, 8 Haw. App. 354, 370, 802 P.2d 1203, 1211 (1990).

Complaint to Quiet Title on September 24, 1997. On or about June 13, 2002, Cabral received a letter from Palisade's attorney informing her that its Motion for Final Judgment and Decree had been granted and that entry of said judgment was imminent, thus resolving the quiet title litigation involving the real property in which Cabral had an interest. On July 3, 2002, the Circuit Court entered an Amended Final Judgment and Decree purporting to resolve all claims against all parties. On April 22, 2009, the Circuit Court entered a Supplemental Amended Final Judgment and Decree. Cabral did not file her Motion until October 3, 2011.

Cabral asserted no facts or circumstances in support of her Motion or in her opening brief that justify late intervention. In her Reply Brief, Cabral asserts for the first time--without citation to the record in support--that she did not attempt to intervene "until foreclosure proceedings were instigated" because she "understood from [Palisade's attorney] that there was no title report and no final survey." Cabral does not explain why the lack of foreclosure proceedings justify her late Motion. See Chierighino, 2 Haw. App. at 294, 631 P.2d at 186 (denying a motion to intervene because it was filed more than two years after judgment and "there [were] no circumstances justifying any delay at all"). The Circuit Court did not err in denying Cabral's Motion to Join. Because this fully resolves Cabral's appeal, we need not address her other arguments.

Based on the foregoing, the Circuit Court of the Second Circuit's January 10, 2012 Order Denying Motion to Join Person as Party is affirmed.

DATED: Honolulu, Hawai'i, May 20, 2015.

On the briefs:

Sylvia Cabral,
Appellant, *pro se*.

Tom C. Leuteneker,
(Carlsmith Ball),
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

4